# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **REGINALD DONELL RICE, #2033891,** § § | |
| **PETITIONER,** § § | |
| **v.** § | **CIVIL CASE NO. 3:22-CV-522-C-BK** |
| § § | |
| **DIRECTOR, TDCJ-CID,** § | |
| **RESPONDENT.** § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Reginald Donell Rice's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management, including findings and a recommended disposition. As detailed here, the successive habeas petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### I. BACKGROUND

In 2015, a jury convicted Rice of two charges of aggravated assault with a deadly weapon and sentenced him to 70 years' imprisonment. *State v. Rice*, Nos. F-1476788 & F-1476789 (265th Jud. Dist. Ct., Dallas Cnty., Oct. 30, 2015), *aff'd*, Nos. 05-15-01427-CR & 05-15-01428-CR, 2017 WL 359755 (Tex. App. – Dallas Jan 19, 2017, pet. ref'd.). Rice unsuccessfully challenged his convictions in state and federal habeas proceedings. *See Rice v. Director*, No. 3:18-CV-01740-S (BT), 2020 WL 8225006, at *1 (N.D. Tex. Nov. 19, 2020), R. & R. adopted, 2021 WL 200520 (N.D. Tex. Jan. 19, 2021) (denying and dismissing federal petition), *certificate of appealability denied*, No. 21-10164 (5th Cir. Nov. 12, 2021). More recently, he also

unsuccessfully sought Rule 60(b)(6) relief. *Rice v. Director*, No. 3:18-CV-01740-S-BT, 2022 WL 494376, at *1 (N.D. Tex. Jan. 25, 2022), *R. & R. adopted*, 2022 WL 487924 (N.D. Tex. Feb. 17, 2022). While the Rule 60(b) motion was pending, Rice filed a second Rule 60(b) motion (still pending), claiming fraud on the court and challenging anew the denial of his § 2254 petition. Civ. Doc. 53. On March 21, 2022, Rice also filed a motion seeking authorization to file a successive application, which the United States Court of Appeals for the Fifth Circuit denied. Doc. 4.

By this action, Rice again seeks to challenge his underlying convictions, raising new grounds. Doc. 3 at 1-2. Specifically, he complains that he was denied an adequate hearing and fair review of his first federal habeas petition. Doc. 3 at 5. Thus, he avers that he is unlawfully confined in violation of his constitutional rights. Doc. 3 at 5. However, he has not obtained prior authorization to file a successive application from the court of appeals. Thus, his petition should be dismissed.[1]

## II. ANALYSIS

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district

---

[1] Although Petitioner submitted a motion to proceed *in forma pauperis*, it is more efficient to dismiss the petition than to require compliance with this Court's filing requirements. Doc. 5.

court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (§ 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case.  Rice must obtain such an order before he can file a successive application challenging his conviction.  Because this is Rice's second successive § 2254, dismissal without prejudice for want of jurisdiction—as opposed to transfer—is appropriate.  *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam) (addressing transferred application); *Crone*, 324 F.3d at 838 (remanding successive application with instructions to dismiss).

### III.  CONCLUSION

For the foregoing reasons, Rice's successive habeas petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because he has not obtained authorization to file a successive habeas petition from the Court of Appeals for the Fifth Circuit.

**SO RECOMMENDED** on April 6, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).